LOEWENTHAL TRIMMING CORP. v. UNITED STATES (No. 4680)[1]

---

[1] C. A. D. 477.

United States Court of Customs and Patent Appeals, January 29, 1952

John D. Rode for appellant.

David N. Edelstein, Assistant Attorney General (Joseph F. Donohue, special attorney, of counsel), for the United States.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, in conformity with its decision, C. D. 1314, overruling the protest of appellant against the assessment of duty by the Collector of Customs on an importation invoiced as "Slung (single row of spangled trimmings)" at the rate of 60 per centum ad valorem under paragraph 1503 of the Tariff Act of 1930 as "* * * articles not ornamented with * * * spangles * * * composed wholly or in chief value of * * * spangles * * *."

In its protest, appellant claimed the merchandise to be properly dutiable at the rate of 35 per centum ad valorem under the same paragraph of the act as "Spangles * * * not specially provided for." Paragraph 1503, supra, contains a proviso that "the rates on spangles and beads provided for in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted: * * *."

The pertinent portions of paragraph 1503, supra, under which the merchandise was classified and likewise claimed to be properly dutiable read as follows:

Par. 1503. Spangles and beads * * * not specially provided for, 35 per centum ad valorem; . * * * fabrics and articles not ornamented with beads; spangles, or bugles, not embroidered, tamboured, appliqued, or scalloped, composed wholly or in chief value of beads or spangles * * * 60 per centum ad valorem; * * * *Provided*, That the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted: * * *.

Appellant introduced the testimony of one witness and appellee introduced the testimony of two witnesses. Also a number of exhibits were introduced in evidence. Exhibit 1 is a sample of the imported merchandise. Illustrative Exhibit A is spangles strung on a thread. Collective Exhibit B is trimmings made from slung spangles. Illustrative Exhibit C is an ornament made from spangles and Illustrative D is a spool of spangles similar to Exhibit 1.

Mr. Katz, president of appellant corporation, testified that "slung" or "schlung" is "an old foreign word and it has been used in the trade here for maybe over 100 years." The words "slung" and "schlung" are used interchangeably.

Mr. Katz further testified that he had been connected with appellant corporation for forty-odd years and is its president; that appellant's business is importing and manufacturing trimmings; that Exhibit 1 is "schlung cup sequins"; that sequins are the same as spangles; that the spangles are affixed to a string by machine in such manner that they cannot move; that the schlung spangles are on a spool which contains 144 yards of the material although it sometimes comes in half-gross spools; that appellant purchased and sold it in either gross or half-gross spools; that "The word 'mounted' means a sequence of mounting on a thread by a machine as in Exhibit 1"; that the spangles of Exhibit 1 are mounted; that merchandise like Exhibit 1 is used to make into other articles such as trimming by the yard, hair ornaments and flowers; that Exhibits B and C are made from the merchandise of Exhibit 1; that he bought and sold merchandise similar to Exhibit 1 as "spangles mounted", that the imported merchandise was not invoiced to him as "spangles mounted" and that he did not invoice it to his customers as "spangles mounted."

Appellee's witness Mr. Messe testified that he has been engaged in the dress trimmings business since 1898; that in the operation of his business he handles merchandise similar to Exhibit 1 and that it is "slung spangles"; that merchandise like Exhibit B is spangle trimming by the yard made out of slung; that he had never heard of either of those terms being applied to merchandise similar to or like Exhibit 1.

Appellee's other witness, Mr. Blitzer, testified that he has been with the Manhattan Trimming Works, which manufactures braid, for 25 years; that his firm imports merchandise like Exhibit 1 and that he is familiar with it; that it is "slung spangles"; that he had never heard of the term "spangles mounted" or "mounted spangles"; that

his firm sells merchandise like Exhibit 1 as "spangles, slung"; that he has never heard of "mounted" used in connection with spangles; that Exhibit A is loose spangles and that Exhibit B is "trimmings made from slung spangles."

The sole issue here presented is whether the imported merchandise is dutiable as an article in chief value of spangles as assessed, or as spangles mounted, as claimed in the protest.

An examination of Exhibit 1, a sample of the imported merchandise, discloses that there are three threads, one of which passes through a hole in the center of the spangles and the other two threads are overlapped in such a way as to hold the spangles in a permanent flat position, each spangle overlapping the next spangle. As imported it is a continuous strip of overlapping spangles wound on spools with each spool usually containing one gross (144 yards) of the schlung or slung.

In reviewing the tariff history the Customs Court in its decision stated:

* * * The provision that the rates on spangles and beads "shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted" first appeared in paragraph 1503 of the present Tariff Act of 1930. In the Tariff Act of 1897, the provisions of paragraph 408 merely covered beads "not threaded or strung" and it was held by the courts, in construing such provisions, that beads even temporarily or loosely strung were still "threaded or strung" and were excluded from that paragraph. The Tariff Act of 1909, in addition to providing for beads and spangles, not threaded or strung, contained an additional provision for beads or spangles "strung loosely on thread for facility in transportation only" (paragraph 421). These provisions were carried forward into paragraph 333 of the Tariff Act of 1913. Under the Tariff Act of 1922, the provision in paragraph 1403 for spangles and beads contained no words of limitation. The provision therein for imitation pearl beads and for all other beads in imitation of precious or semiprecious stones, however, covered such merchandise if "strung or loose, mounted or unmounted." By the provisions of paragraph 1503 of the Tariff Act of 1930, the provision with respect to "strung or loose, mounted or unmounted" was made applicable not only to imitation pearl beads or beads in imitation of precious or semiprecious stones, as was the case in the 1922 act, but also to all spangles and beads covered by the paragraph here in question.

In support of its contention, appellant cites *United States* v. *Thorens, Inc.*, 32 C. C. P. A. (Customs) 137, C. A. D. 298 and *United States* v. *May Dept. Stores Co.*, 15 C. C. P. A. (Customs) 46, 52, T. D. 42151.

In the *United States* v. *Thorens, Inc.*, case, *supra*, the issue was the meaning of the term "mounted" as used in paragraph 1406 of the Tariff Act of 1930 relating to calendars. In its brief appellee points out that different industries apply entirely different meanings to the same term and that this is particularly true of a word of wide general circulation and cites *In re Duncan*, 28 App. D. C. 457, 460; 27 Words and Phrases 709. In the *Duncan* case it was held that "mounted" in machine construction means that the thing mounted upon another must be borne or supported by it.

In *United States* v. *May Dept. Stores Co., supra,* it was held that certain colored glass beads, permanently strung into necklaces and being imitations of precious stones, were dutiable as jewelry, rather than as beads in imitation of precious or semiprecious stones, loose, mounted, or unmounted. The majority opinion found that the imported article was within the tariff designation of jewelry and held that this was a more specific designation, whether or not the articles were also beads mounted or unmounted. The dissenting opinion stated that the provision for beads, mounted or unmounted, was more specific than the designation "jewelry," and held that "In one sense these are mounted" in respect to the beads in controversy. As pointed out by appellee in its brief, "* * * the writer of the dissenting opinion was not concerned with a distinction between the terms 'strung' and 'mounted,' for if the beads before him were either they were described by the language in paragraph 1403 (Tariff Act of 1922) under which he believed they were to be classified. * * *" A dissenting opinion is not an authority for us and in addition it does not even purport to distinguish between "mounting" and "stringing."

There is a presumption that the Collector of Customs has considered the pertinent facts, and that this classification was correct. *United States* v. *Lilly & Co. and Parke, Davis & Co.,* 14 Ct. Cust. Appls. 332, T. D. 41970. Hence, the classification by the collector of the merchandise at bar as an article composed wholly or in chief value of spangles raises the presumption that spangle slung is a new article with name, uses, and characteristics differing from the spangles *per se* from which it is made. It is necessary for the importer to prove not only that the classification made by the collector was erroneous but also that his own contention is correct. *United States* v. *Good Neighbor Imports, Inc.,* 33 C. C. P. A. (Customs) 91, C. A. D. 321; *Lilly and Parke, Davis* case, *supra.*

Appellant's only witness, Mr. Katz, testified that the merchandise is "mounted spangles." There was no evidence to establish that such designation was general or uniform throughout the trade or that anyone except Mr. Katz ever used it. The other witnesses testified that the merchandise was "spangle slung" and that they had never heard of "mounted spangles."

In *United States* v. *Frankel Importing Co.,* 18 C. C. P. A. (Customs) 188, T. D. 44378, the merchandise involved was "schlung beads," which was described as follows:

* * * the merchandise consists of small glass beads, hexagonal in shape, which are strung on a thread; there are also two other threads which go along the outside of each bead and are so connected or crossed between each pair of the beads as to maintain all of them in a fixed and permanent position, equidistantly spaced along the thread. The merchandise, as appears by the record, is imported in the form of spools or hanks, each containing a length of 144 yards of the article in

question. * * * It is clear to us that this merchandise is more than "beads" or "strung beads." It is an article composed in chief value of beads, intended and designed to be applied, in the condition imported, after cutting to the required length, to some other material for purposes of ornamentation.

It will be noted that the above description of the bead schlung closely parallels the spangle slung or schlung in the case at bar.

The *Frankel Importing Company* case, *supra*, was decided under the Tariff Act of 1922, which did not contain the new language of paragraph 1503 of the Tariff Act of 1930 as hereinbefore set out. Therefore, the issue as to whether the beads in the schlung beads in the *Frankel Importing Company* case were or were not mounted was not considered by the court.

We think the merchandise in the instant case is more than spangles. It appears to be a definite article of commerce with a distinctive name in the trade. It was invoiced as "slung (single row of spangled trimmings)." On the spool in Exhibit 1 it is described as "gross yard slung." It is bought and sold as "slung" or "schlung." The record contains no authoritative definition of these terms, but according to appellant's witness "slung" or "schlung" is "an old foreign word and it has been used in the trade here for maybe over 100 years."

The involved merchandise does not appear to be "spangles mounted" or "mounted spangles" as claimed by appellant. We think it is an article composed in chief value of spangles and was properly assessed as such by the collector.

The decision of the Customs Court is *affirmed*.